*109
 
 Taylor, Chief-Justice,
 

 delivered the opinion of the Court.
 

 The complainants’ claim, under a limitation, in the will of Thomas Davis, on the ground that the failure of heirs of the testator’s two daughters must take place within the period allowed by law. And it is a|l;ued, in the first place, that as the testator made his estate a joint fund, it was plainly his intention, that if either, or both his children should dio before the division, that the re-jnainder over was to take place, as this could not be too remote. But there are no expressions in the will limiting the failure of issue to the time of division, and it was manifestly
 
 not
 
 his intention that the share of the daughter first dying should go to the complainants ; for he expressly gives it to the surviving daughter, upon the failure of lawful heir of the one so dying. He could not intend to deprive the issue of his daughters, if they happened to die before a division took place $ but the presumption is the other way, that as long as there were issue of his daughters, they should take in preference to the complainants. If, indeed, he had made the limitation over to depend upon his daughters dying without issue before the division, fixing such a period for that as is allowed by law, and they had so died, the limitation, would have been supported. But he has, in fact, directed the division amongst the complainants, “ in case both his daughters should die without lawful hcii* so that if the limitation over is good, it would be effectual whenever the heirs of the surviving daughter should fail, however remote the period should be
 
 $
 
 and all this time it would be unalienable by them.
 

 It is further argued for the complainants, that as the words in the will would not, if applied to real property, give an express estate tail, but only an implied one j they ought to be understood restrictively, and to relate only to the daughters dying without heir living at her death in support of which are cited the cases of
 
 Forth
 
 
 *110
 
 vs.
 
 Chapman
 
 — (
 
 P. Wins,
 
 663) and
 
 M’Kerson
 
 vs.
 
 Hutchison—(3
 
 P. W
 
 m.
 
 258.) Those cases do notice this distinction, but in -.*ofch of them, it will be observed, there were other expressions in the will, as “leave no issue,” in. the first, and “ without leaving issue,” in the last, in addition to the material circumstances. And, from the cases «Hooted in
 
 Fearne,
 
 365, it seems that the distinction no longer exists
 
 ;
 
 and from more recent cases, it appears that the rule is now understood to be, that where the words would create an estate tail in real estate, they give the absolute property in personalty j and, that in the absence of distinct expressions, restrictive as to the time the law aih ws, the limitation over is void, whatever the intention may be. When the law has affixed a judicial sense to words, Courts are not at liberty to depart from
 
 it;
 
 for, by so doing, the security of property would be impaired. The bill must be dismissed with costs.'